IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO.  2:04CV332-A [WO] |
| AMERICAN OWENS, INC., CINDY OWENS, and THE ESTATE OF F. NEAL OWENS, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON MOTION

Pending before the court is a Motion for Reconsideration, filed by the plaintiff, Great American Insurance Company, on 31 May 2005 (Doc. # 61), along with its supporting memorandum, filed on the same date (Doc. # 62).  The motion requests reconsideration of the court's order entered on 23 May 2005 (Doc. # 59) in which the court granted the defendant's Motion to Compel, filed on 3 May 2005 (Doc. # 54).  That order recites the events which led to the granting of the order.

Great American now requests the court to reconsider its order and to deny the motion because (1) the motion to compel was untimely, and (2) Great American has complied with all relevant discovery requests pursuant to the court's grant of summary judgment on 30 March 2005.  Following the motion to compel, the court entered an Order To Show Cause on 11 May 2005 (Doc. # 55).  In its response to that order, filed on 16 May 2005 (Doc. 58-1), Great American stated merely that, because it had served its responses, the motion was "moot".

Although Great American requested that the court "withhold ruling on the Motion to Compel until . . . May 20, 2005", its request was expressly based upon its attempts to resolve its objections.

In fact, Great American stated its intention to file a "supplemental response with the Court "regarding the status of the outstanding discovery objections". It made no representations and offered no argument regarding the timeliness of the motion or its propriety in view of the court's summary judgment ruling. Given Great American's substantively limited response, and the correspondingly limited basis for encouraging the court to delay a ruling, the court had no reason upon which to expect a response from Great American that included discussion of any issue other than "the status of the outstanding discovery objections". For that reason, when the defendant notified the court that the parties were unable to resolve those objections, the court entered its order granting the motion to compel.

For those reasons, the "reconsideration" that Great American now requests is in fact an assertion of *a new ground for the denial of the motion, which is in addition to its previous assertion of the single ground of mootness.* The court's basis for granting the motion to compel, as stated in the order entered on 23 May 2005, was the plaintiff's waiver of its objections to the discovery requests, and that basis still applies, because it is undisputed that the defendant propounded its discovery requests upon the plaintiff on or about 1 March 2005 and that the plaintiff responded on 11 May 2005, more than 30 days later, without serving any interim objections to the requests. It is therefore undisputed that Great American did not

comply with Rule 33(b)(3) of the *Federal Rules of Civil Procedure.*[1]

It is also undisputed, however, that the defendant's discovery requests were propounded on the very day upon which discovery expired in this case, pursuant to the court's scheduling order, entered on 23 July 2004 (Doc. # 23) (providing, *inter alia*, that all discovery was due by 1 March 2005). For that reason, the discovery requests did not comply with this court's *Guidelines To Civil Discovery Practice*, which provide, in pertinent part:

> The court ordinarily sets a discovery cut-off in its Rule 16 scheduling order. Normally the cut-off date for discovery precedes the pretrial conference, which is usually some four to six weeks prior to the trial date. Lawyers are reminded that discovery requests should be served more than 30 days prior to the cut-off date. *Untimely discovery requests are subject to objection on that basis*.

[Emphasis added]. Thus, pursuant to the Guidelines, the defendant's discovery requests were untimely and are "subject to objection on that basis".

Notwithstanding the court's previous ruling and Great American's dilatory assertion of timeliness as a basis for denying the motion, the court concludes that Great American's brief, the interests of justice, and this court's Civil Justice Expense and Delay Reduction Plan[2] now compel denial of the motion.

First, the requests were, as previously observed, untimely.

---

[1] No supplementation filed by Great American on 20 May 2005 would have changed those facts.

[2] In the plan, the court acknowledges its intention "to place limits on discovery where appropriate". See *Civil Justice Expense and Delay Reduction Plan*, 22 November 1999, p. 4.

Second, the court's ruling on Great American's Motion For Summary Judgment, entered on 30 March 2005 (Doc. # 52-1 ) establishes a new framework for determining the relevance of evidence in this case and the relevance of information or documents sought through discovery. The court granted the motion as to the defendants' liability and denied the motion "as to the amount owed by the defendants to Great American" (Doc. # 52-1). The court found that "discrepancies in the various evidentiary submissions by Great American have created a question of fact as to the amount which is owed Great American by the Defendants". Thus, the trial of this case will be limited to "damages" (Doc. # 52-1, p. 8), and discovery which elicits information related to liability, or defenses against liability, is now inappropriate.

Given the court's ruling, Great American's representation that it "has provided documents proving all payments", and given the court's obligation to limit, to the extent reasonable, unnecessary expenses in parties' preparation for trial, the court concludes that the motion to compel is due to be denied.

## CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1. The motion for reconsideration (Doc. # 61) is GRANTED;

2. The order entered by the court (Doc. # 59) on the defendant's motion to compel (Doc. # 54) is hereby VACATED.

3. The defendant's motion to compel (Doc. # 54) is GRANTED in part and DENIED in part.

4.	Great American is therefore DIRECTED to provide to the defendant requested evidence of "all payments which it can prove it made."  Great American represents that it has *already* provided "copies of checks or other documents which prove the amount of each and every individual payment it made as a result of the bonds."

5.	In all other respects, the motion is DENIED.

DONE this 2nd day of June, 2005.

                                          /s/ Vanzetta Penn McPherson
                                          VANZETTA PENN MCPHERSON
                                          UNITED STATES MAGISTRATE JUDGE