IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:04CV332-WHA (WO) |
| AMERICAN OWENS, INC., CINDY N. OWENS AND THE ESTATE OF F. NEAL OWENS, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

## **I. FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Petition for Attorneys' Fees and Expenses (Doc. #86), filed by the Administrator Ad Litem on December 16, 2005.

The Plaintiff, Great American Insurance Company ("Great American"), filed a Complaint in this case alleging that the Defendants American Owens, Inc., Cindy N. Owens, and the Estate of F. Neal Owens were due to indemnify it for certain liabilities incurred on various payment bonds issued by Great American on behalf of American Owens, Inc.

On April 19, 2004, Great American filed a Motion to Appoint Administrator Ad Litem. (Doc. #4). Although Alabama Code § 43-2-50 was incorrectly cited as authority for the Motion, Great American correctly quoted § 43-2-250 as follows:

> When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate . . . it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessarily shall appear in the record of such case or shall be made

known to the court by affidavit of any person interested therein.

On May 21, 2004, the court granted Great American's Motion and entered the following Order:

> [I]t is hereby
> ORDERED that, pursuant to § 43-2-250, Code of Alabama, Allison L. Alford, Esquire, Ball, Ball, Mathews & Novak, P. O. Drawer 2148, Montgomery, Alabama, 36102, telephone number (334) 387-7680, is appointed as Administrator Ad Litem for the Estate of F. Neal Owens, without bond, to represent the Estate of F. Neal Owens in this proceeding.

Doc. #9.

The court subsequently granted in part and denied in part a Motion for Summary Judgment filed by Great American. The case was ultimately disposed of through a consent judgment on October 27, 2005.

The Administrator Ad Litem seeks $16,833.41 in fees and expenses. Great American objects to the petition for fees and expenses by the Administrator Ad Litem.

## II. DISCUSSION

The Administrator Ad Litem submitted a petition for fees and expenses along with supporting documentary evidence. Great American has objected to the petition on several grounds. Great American's arguments fall into three categories: no fees should be awarded because of a failure to discharge duties, the fees and expenses claimed by the Administrator Ad Litem are unreasonable, and Great American ought not be a party responsible for paying fees and expenses.

The court turns first to the argument that the petition should be wholly denied for failure to discharge duties. Great American argues that the Administrator Ad Litem did not discharge all

of her duties to open the estate and locate estate assets and, therefore, her fee petition is not supportable. The Administrator Ad Litem has responded that she was not responsible for opening an estate under the scope of her responsibilities as defined in Ala. Code § 43-2-250.

The court agrees that the duties identified by Great American were not contemplated by the statute or by the court's appointment of the Administrator Ad Litem in this case at the request of Great American, so that failure to perform them does not undermine the instant petition. See Ala. Code § 43-2-250; see also Affidavit of LuAnn Long at ¶ 4. As set forth above, the Administrator Ad Litem was appointed only for the limited purpose of representing the Estate of F. Neal Owens in this case, pursuant to Ala. Code § 43-2-250. She was not appointed a general Administrator by a Probate Court. Her duties were limited to those set out in the statute under which she was appointed. Great American has confused the role of Administrator Ad Litem under § 43-2-250 with that of a general Administrator appointed by a state Probate Court under Ala. Code § 43-2-42.

The court now addresses arguments by Great American as to the reasonableness of amounts claimed by the Administrator Ad Litem. Great American contends that it was entitled to indemnity under the contract with American Owens, Inc., so that the defense to a claim for indemnity was unnecessary. Great American also contends that the proof it provided of its losses under the contract were sufficient. Great American further argues that there was no proof of bad faith, so fees and expenses incurred in defending against the claim for indemnity on bad faith grounds are not supportable.

The Administrator Ad Litem has explained that because Great American could not produce a complete set of contracts signed by the Decedent, and because Gary Ballinger, the

Plaintiff's representative, submitted inconsistent testimony, the Administrator Ad Litem was forced to engage in written discovery. The Administrator Ad Litem further states that as evidence developed and inconsistencies became apparent, she had to investigate to determine whether there was a defense of bad faith.

When this court reviewed the Motion for Summary Judgment filed by Great American in this case, and the evidence filed in support of that motion, the court was convinced that summary judgment could not be granted in favor of Great American as to the amount owed. The court stated the following: "discrepancies in the various evidentiary submissions by Great American have created a question of fact as to the amount which is owed Great American by the Defendants." Doc. # 52 at page 7. Therefore, in light of conflicts in the documentary evidence, not only was the time spent on exploring defenses to the amount claimed by Great American reasonable, it was necessary in order for the Administrator Ad Litem to discharge her duties in this case.

Great American also has argued that it had a right under the contract to examine the books and records of the defendants, and that the petitioner's fees and expenses incurred in defense of the assignment of property and claims for injunctive relief are not supportable.

In response to these particular objections, the Administrator Ad Litem has pointed out that in opposing Great American's Motion for Summary Judgment, she did not oppose Great American's requests for specific performance on a demand to examine books and records, a judicial declaration of the assignment of property, or permanent injunctive relief, and has stated that Great American has not identified time entries submitted which reflect such opposition. As is clear from the Memorandum Opinion and Order ruling on the Motion for Summary Judgment,

these aspects of Great American's claims were conceded by the Administrator Ad Litem, not defended against, and, therefore, do not undermine her request for fees and expenses arising from the defenses which she did raise. See id. at pages 7-8.

Great American also objects to the fees and expenses claimed by the Administrator Ad Litem on the basis that the petition does not establish that the fees are fair and reasonable in view of all of the circumstances of the estate, and that the fees sought are unreasonable in light of the lack of assets of the estate, and that the petition's evidence of hourly rates of attorneys for the plaintiff does not demonstrate that the charges claimed are amounts a just and prudent man dealing for himself would be willing to pay.

The Administrator Ad Litem has argued in response that from the limited investigation into the estate which she conducted, she concluded that there were some assets in the estate, so that the services she rendered were reasonable. The Administrator Ad Litem also presented evidence, in addition to that previously submitted, in the form of an Affidavit from LuAnn Long, who is the County Administrator for Montgomery County, Alabama. Ms. Long has stated that the services rendered in this case by the Administrator Ad Litem were fair and reasonable and that the time and charges are fair and reasonable. Affidavit of LuAnn Long at ¶¶ 4, 5.

The Alabama Supreme Court recently reviewed an award of fees to a person who served as an administrator ad litem for the estates of multiple plaintiffs. Pharmacia Corp. v. McGowan 915 So.2d 549, 552 -553 (Ala. 2004). The court explained that the factors relevant in such analysis are the factors applied in determining whether an attorneys' fee is reasonable. Id. Those factors include the following: "(1) [t]he nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time

5

consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances." Id.

Upon review of the submissions to the court, the court is satisfied that the relevant factors support a finding of reasonableness in this case. That is, the value of the Administrator Ad Litem's services in this matter, the time and skill required to discharge her duties, the evidence as to fees charged by other attorneys, and the success the Administrator Ad Litem achieved in reaching an agreement as to the amount owed in the face of conflicting evidence demonstrate the reasonableness of the fees and expenses claimed.

Finally, Great American contends that merely because an Administrator Ad Litem was appointed does not mean that it should be responsible for her fees and expenses. Great American points out that it never agreed to pay any fees and/or costs incurred by the Administrator Ad Litem. Great American contends that the estate or the Defendants should be responsible for fees and expenses of the Administrator Ad Litem.

> Under Alabama Code § 43-2-256, an Administrator Ad Litem
>
> must be allowed for his services such compensation as the judge of probate or judge of the circuit court appointing him may direct, to be taxed and collected as part of the costs of the proceedings, either out of the estate represented by him, or out of the general fund administered therein or out of any party to the action who may be taxed therewith, as the court may direct.
>
> The Administrator Ad Litem in this case has taken the position that Great American

ought to bear the expense of the appointment of the Administrator Ad Litem because the appointment was made at the request of Great American, and because without that appointment, Great American would not have obtained a consent judgment.

The court agrees that the fees and expenses of the Administrator Ad Litem are properly assessed to Great American. The Estate of Neal Owens was made a party to this case by Great American. Great American asked that an Administrator Ad Litem be appointed to represent the estate. The Administrator Ad Litem's discharge of her duties in this case led to a consent judgment in favor of Great American. It is just and proper for Great American to be taxed with this expense pursuant to Ala. Code § 43-2-256.

### III.  CONCLUSION

For the reasons discussed, it is hereby ORDERED that the Petition for Attorneys' Fees and Expenses (Doc. #86) is GRANTED. The Administrator Ad Litem shall recover of the Plaintiff, Great American Insurance Company, the sum of $16,833.31 in fees and expenses, for which execution may issue.

Done this 6th day of April, 2006.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE